ORIGINAL

FILED
DISTRICT COURT OF GUAM

MAY 26 2005 

MARY L.M. MORAN
CLERK OF COURT

(4)

marvaguerrerople

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Agana, Guam 96910
Telephone: (671) 472-7332/7283
Telecopier: (671) 472-7334

Attorneys for United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

05-00041

| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. _____ |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **PLEA AGREEMENT** |
| MARVA GUERRERO, | ) | |
| Defendant. | ) | |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, MARVA GUERRERO, enter into the following plea agreement:

1. The defendant agrees to enter a guilty plea to an Information charging her with Causing the Filing of a False Currency Transaction Report, in violation of Title 18, Untied States Code, § 2; Title 31, United States Code, §§ 5324(a)(2) & 5324(d); and, 31 C.F.R. §§ 103.11 & 10.22. The United States will move to dismiss Criminal Case No. 05-00013 at the time of sentencing.

2(a) The defendant, MARVA GUERRERO, further agrees to fully and truthfully cooperate with Federal law enforcement agents concerning their investigation of currency transaction violations and related unlawful activities. Cooperation shall include providing all information known to defendant regarding any criminal activity, including but not limited to the offense to which she is pleading guilty.

2(b) The United States will make this cooperation known to the Court prior to the defendant's sentencing. The defendant further understands that she remains liable and subject to prosecution for any criminal schemes of which she does not fully advise the United States, or for any material omissions in this regard.

2(c) This agreement is not contingent in any way upon the outcome of any investigation, proceeding or subsequent trial. Thus, none of the rights and obligations described above are in any way dependent upon a grand jury returning an indictment, a jury's verdict at any trial, or the success of any prosecution.

2(d) Except as otherwise herein provided, the United States agrees not to prosecute defendant for any other non-violent offenses which were committed in the District of Guam or the Northern Mariana Islands (CNMI) which defendant reveals to Federal authorities during her cooperation with the United States. This agreement is limited to crimes committed by defendant in the districts of Guam or the CNMI.

3. The defendant, MARVA GUERRERO, understands that the **maximum** sentence for Causing the Failure to File a Currency Transaction Report is a term of five (5) years imprisonment, a $250,000 fine, and a $100 special assessment fee, which must be paid at the time of sentencing. Any sentence imposed may include a term of supervised release of not more than three (3) years in addition to such terms of imprisonment. Defendant understands that if she violates a condition of supervised release at any time prior to the expiration of such term, the court may revoke the term of supervised release and sentence her up to an additional two (2) years of incarceration pursuant to 18 U.S.C. § 3583(e)(3).

3(b) If defendant cooperates as set forth in Paragraph 2, the government will recommend that defendant receive the minimum term of incarceration recommended by the Sentencing Guidelines.

3(c) The government will recommend a fine within the Sentencing Guidelines range. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of her financial status to the United States Attorney's Office by completing a

-2-

Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

4. The defendant understands that to establish a violation of Causing the Failure to File a Currency Transaction Report as charged pursuant to Title 18, Untied States Code, § 2; Title 31, United States Code, §§ 5324(a)(2) & 5324(d); and, 31 C.F.R. §§ 103.11 & 10.22, the government must prove each of the following elements beyond a reasonable doubt:

> First: the defendant knowingly involved a domestic financial institution in a transaction for the transfer of United States currency;
>
> Second; a report was required to be filed concerning said transaction because it involved more than $10,000 in United States currency, as required by Title 31, U.S.C. § 5313 and regulations prescribed and promulgated by the Secretary of the Treasury pursuant to 31 C.F.R. §§ 103.11 and103.22;
>
> Third: the defendant knowingly and willfully caused the domestic financial institution to file a report which contained an omission or a misstatement of fact;
>
> Fourth; defendant caused this report to be filed for the purpose of evading the reporting requirements of Title 31, United States Code, §§ 5313(a) or 5325
>
> Fifth: this omission or misstatement of fact was material.

5. The defendant also understands that the facts she stipulates to herein will be used, pursuant to 1B1.2, in calculating the applicable Sentencing Guidelines level. The Government and the defendant stipulate to the following facts for purposes of the Sentencing Guidelines:

(a) The defendant was born in1971, and is a citizen of the United States.

(b) If the defendant cooperates with the United States by providing information concerning the unlawful activities of others, the government agrees that any self-incriminating information so provided will not be used against defendant in assessing her punishment, and therefore, pursuant to § 1B1.3 of the Sentencing Guidelines, this information should not be used in determining the applicable Guidelines range.

(c) Defendant was contacted by Mai Ly Wong, who asked her if she wanted to make some money. Defendant agreed, and received $70,000 in United States currency from Wong. Wong also gave her a list of seven names, and instructed her to purchase seven cashier's checks

-3-

made out to these individuals. Defendant went to a domestic financial institution, First Hawaiian Bank, and deposited the $70,000 into a new account. To open this account, defendant had to complete a Form 104 Currency Transaction Report, which report is required by Title 31, U.S.C. § 5313 and the regulations promulgated by the Secretary of the Treasury pursuant to 31 C.F.R. §§ 103.11 and 103.22. Defendant intentionally indicated that she was conducting the transaction on her own behalf and omitted to indicate on the Report that in fact she was conducting this transaction for the benefit of Mai Ly Wong. Guerrero withdrew $69,300 and purchased seven cashier's checks, each in the amount of $9,880 and each made out to an individual on the list. The Bank charged a $20 fee per check, leaving defendant with $700, which was her payment for performing this service for the defendant. The defendant made this transfer with the intent and purpose of evading the reporting requirements as set forth above. The failure to list the true person on whose behalf the deposit was made was material to the lawful execution of the Report.

(d) The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines. The defendant acknowledges that should there be discrepancies in the final sentencing guidelines range projected by her counsel or any other person, such discrepancies are not a basis to withdraw her guilty plea.

6. The defendant understands that her sentencing may be continued, at the sole discretion of the United States, until after the indictment and trial of any associates involved. This will also enable the Court to see the full degree of the defendant's cooperation. The defendant therefore waives any right she may have to any speedy sentencing and hereby agrees to any continuance of her sentencing date as it may become necessary.

7. In exchange for the government's concessions in this plea agreement, the defendant waives any right to appeal or to collaterally attack this conviction but reserves the right to appeal the sentence imposed in this case. The defendant agrees that the government has bargained for a criminal conviction arising from her conduct. If at any time defendant's guilty plea or conviction

-4-

is rejected, withdrawn, vacated or reversed, for whatever reason, or if any change of law renders the conduct for which she was convicted to be non-criminal, defendant agrees that she will enter a guilty plea to another charge encompassing the same or similar conduct. In such event, defendant waives any objections, motions or defenses based upon the Statute of Limitations, Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

8. The defendant acknowledges that she has been advised of her rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

(a) The nature and elements of the charge and the maximum possible penalty provided by law;

(b) Her right to be represented by an attorney;

(c) Her right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against her, and the right not to be compelled to incriminate herself, that is, the right not to testify;

(d) That if she pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, she waives, that is, gives up, the right to a trial;

(e) Because this plea is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the defendant understands that she may not withdraw her guilty plea even if the court does not accept the sentencing recommendations of the government or her counsel;

(f) That, upon entry of a plea of guilty, or thereafter, the Court may ask her questions about the offenses to which she has pled, under oath, and that if she answers these questions under oath, on the record, her answers may later be used against her in prosecution for perjury or false statement if an answer is untrue;

(g) That she agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

//

Case 1:05-cr-00041    Document 4    Filed 05/26/2005    Page 5 of 6

| | |
|---|---|
| 1 | (h) The defendant is satisfied with the representation of her lawyer and feels that her |
| 2 | lawyer has done everything possible for her defense. |

DATED: 05/24/05

MARVA GUERRERO
Defendant

DATED: 5/24/05

JOHN T. GORMAN
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and CNMI

DATED: 5/25/05        By: 

KARON V. JOHNSON
Assistant U.S. Attorney

DATED: 5·25·05

RUSSELL C. STODDARD
First Assistant U.S. Attorney